IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLEN C. WENZ, et al.,

                Plaintiff,        Case No. 3:04 CV 7196

-vs-

                                  MEMORANDUM OPINION

ROSSFORD OHIO TRANSPORTATION
IMPROVEMENT DISTRICT, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the Motion to Dismiss and/or for Summary Judgment of Defendant Rossford, Ohio Transportation Improvement District ("the RTID") (Doc. No. 12). Also before the Court is Plaintiffs' motion to dismiss without prejudice (Doc. No. 17), to which Defendant RTID has responded (Doc. No. 18), and Plaintiff has replied (Doc. No. 19). For the reasons that follow, the Court will grant the RTID's motion and deny Plaintiffs' motion.

## BACKGROUND

Plaintiffs Glen C. Wenz, Donald R. Wenz, and Meijer Stores Limited Partnership own land within the RTID, which was created by the City of Rossford to pay for the construction of two roads. The RTID levied a special assessment on Plaintiffs' properties on April 14, 2000 ("the Assessment").

On March 29, 2002, Plaintiffs initiated an administrative proceeding regarding the Assessment by filing a complaint with Defendant Wood County Board of Revision ("the BOR"), seeking to reduce the

amount of the Assessment. The BOR dismissed the complaint as untimely and barred by the doctrines of waiver and laches. Plaintiffs appealed to the Common Pleas Court of Wood County, Ohio, which affirmed the BOR's decision. Plaintiffs then appealed to the Ohio Sixth District Court of Appeals, which affirmed the decision of the Court of Common Pleas and held that Plaintiffs could pursue neither administrative nor constitutional claims arising from the Assessment.

Before the Ohio Court of Appeals ruled, Plaintiffs filed this lawsuit on April 14, 2004, setting forth two causes of action against the RTID, the BOR, the Board of Wood County Commissioners ("the Board"), Wood County Auditor and BOR member Michael Sibberson, Wood County Commissioners President and BOR Member Jim Carter, and Wood County Treasurer and BOR member Jill Engle. Plaintiffs' first cause of action is a claim that the Defendants denied them due process of law under the Ohio and United States Constitutions by: failing to give proper notice of the right to appeal the assessment, of the proposed improvement, and of the time and place of a hearing; failure to follow the proper procedure for determining the assessment amounts; and failure to hold a hearing regarding the final, increased assessment. Plaintiffs' second claim is that the special assessment is an unconstitutional "taking." Plaintiffs seek a judgment declaring the special assessment unlawful or unconstitutional, an injunction precluding the RTID from collecting the assessment, and compensatory damages under 42 U.S.C. § 1983.

Defendant RTID filed a motion to dismiss, arguing that the Tax Injunction Act ("the TIA" or "the Act"), 28 U.S.C. § 1341, and the principle of comity deprive this Court of subject-matter jurisdiction over Plaintiffs' claims, that Plaintiffs have failed to timely exhaust state remedies, and that the statute of limitation bars Plaintiffs' § 1983 claim. Plaintiffs responded to the RTID's motion with a motion to

2

dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2). The BOR, the Board, and the Individual Defendants have neither moved to dismiss nor responded to Plaintiffs' motion.

## DISCUSSION

Because the Court lacks subject-matter jurisdiction over Plaintiffs' claims, dismissal is appropriate as to the claims against the RTID, as well as to the claims against the non-movant defendants. The Court need not reach the RTID's grounds for dismissal under Rule 12(b)(6), i.e., failure to exhaust and the statute of limitations. Additionally, because the Court lacks subject-matter jurisdiction, the Court will deny Plaintiffs' Rule 41(a)(2) motion to dismiss without prejudice.

*A. Motion to Dismiss Standard*

Generally, Federal Rule Civil Procedure 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) cert. denied. 513 U.S. 868 (1994). A facial attack challenges the sufficiency of the pleading itself. Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack challenges the factual existence of subject-matter jurisdiction. *See Ohio Hosp. Ass'n v. Shalala,* 978 F. Supp. 735, 739 (N.D. Ohio. 1997).

When a Court is inquiring about whether it has subject-matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) cert. denied. 513 U.S. 868 (1994) (internal citations omitted). *See also RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1986). "In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has a wide discretion to consider affidavits and the documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary." *Ohio Hosp. Ass'n v. Shalala,* 978 F. Supp. 735, 739 (N.D. Ohio. 1997) (relying on *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1986). The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Ohio Hosp. Ass'n v. Shalala,* 978 F. Supp. 735, 739 (N.D. Ohio 1997). A Rule 12(b)(1) motion is not converted into a Rule 56 motion for summary judgment when a Court examines evidence for this purpose. *Rogers v. Stratton Inds., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

*B. Subject-Matter Jurisdiction: Tax Injunction Act and Comity*

Under the Tax Injunction Act, this Court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When the Act applies, it operates as a bar to federal jurisdiction. *Hedgepeth v. Tennessee*, 215 F.3d 608, 612 (6th Cir. 2000). "The TIA has . . . been broadly interpreted to bar suits for declaratory relief, injunctive relief, as well as monetary relief when there is an adequate remedy in state court." *Id*. at 612 n.4 (citing *California v. Grace Brethren Church*, 457 U.S. 393, 408-10 (1982) and *Nat'l Private Truck Council, Inc. v. Oklahoma Tax*

4

*Comm'n*, 515 U.S. 582, 586-88 (1995)). In *Fair Assessment in Real Estate Ass'n v. McNary*, the Supreme Court held that:

> [Section] 1341 and our comity cases have thus far barred federal courts from granting injunctive and declaratory relief in state tax cases. . . . [W]e decide today that the principle of comity bars federal courts from granting damages relief in such cases. . . .
>
> [W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.

454 U.S. 100, 107, 116 (1981). The federal common-law principle of comity embodied in *Fair Assessment* "reflects some of the same concerns that led Congress to enact the Tax Injunction Act," but "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir. 2004).

*1. Tax or Fee*

The TIA and the principle of comity apply only if the challenged assessment is a "tax," as opposed to a "regulatory fee," with, generally, "'taxes' being assessed for revenue purposes and 'fees' being assessed for regulatory or punitive purposes." *Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgmt. Dist.*, 166 F.3d 835, 837 (6th Cir. 1999) (citing *Wright v. McClain*, 835 F.2d 143, 145 (6th Cir. 1987)). In *American Landfill*, the Sixth Circuit looked to several sources to determine whether the assessment at issue was a "tax" for TIA purposes.

In addition to the general distinction articulated by *Wright*, the court first looked to the test articulated by the Ninth Circuit in *Bidart Bros. v. California Apple Commission*, under which the determination of whether an assessment is a considered a "tax" for TIA and comity purposes depends upon three factors: the entity imposing the tax; the parties upon whom the tax is imposed; and the

"ultimate use" of the assessment. *Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925, 931-32 (9th Cir. 1996), *cited with approval by Am. Landfill, Inc.*, 166 F.3d at 837-38. An assessment is more likely to be a "tax" if it is assessed by a legislative, as opposed to an administrative, agency, if it is imposed upon a broad, as opposed to a narrow, class, and if it is used to provide a "general benefit to the public." *Bidart Bros.*, 166 F.3d at 931-33. "[F]or cases where the assessment falls near the middle of the spectrum between a regulatory fee and a classic tax, the predominant factor is the revenue's ultimate use. When the ultimate use is to provide a general public benefit, the assessment is likely a tax, while an assessment that provides a more narrow benefit to the regulated companies is likely a fee." *Am. Landfill*, 166 F.3d at 838 (internal citations omitted).

The Sixth Circuit in *American Landfill* also considered the United States Supreme Court's similar formulation of the distinction between a "fee" and a "tax" outside the TIA context. *Id*. at 838. In determining whether the FCC had imposed a forbidden "tax" or a permitted "fee" upon a regulated entity, the Supreme Court explained:

> Taxation is a legislative function, and Congress, which is the sole organ for levying taxes, may act arbitrarily and disregard benefits bestowed by the Government on a taxpayer and go solely on ability to pay, based on property or income. A fee, however, is incident to a voluntary act, e. g., a request that a public agency permit an applicant to practice law or medicine or construct a house or run a broadcast station. The public agency performing those services normally may exact a fee for a grant which, presumably, bestows a benefit on the applicant, not shared by other members of society.

*Nat'l Cable Television Ass'n v. United States*, 415 U.S. 336, 340-341 (1974). The *American Landfill* court then cited to two bankruptcy case reiterating that charges imposed in return for bestowing an individual benefit upon an entity that has requested permission to engage in regulated activity are

6

considered "fees." *Am. Landfill*, 166 F.3d at 838-39 (citing *United States v. River Coal Co.*, 748 F.2d 1103, 1106 (6th Cir. 1984); *In re Jenny Lynn Mining Co.*, 780 F.2d 585, 589 (6th Cir. 1986)).

Applying the tests articulated above, the Court finds the Assessment in this case is a tax. First, the Assessment was imposed to raise revenue for the construction of roads, not to regulate or punish the landowners assessed. The three *Bidart Bros.* factors also weigh in favor of a finding that the assessment is a tax. Whether the RTID, which is an entity "both corporate and politic" that was created by the board of county commissioners, *see* Ohio Rev. Code § 5540.02(A)-(B), is a legislative or an administrative entity, the assessment was imposed on the broad class of all landowners within the RTID, and was ultimately used to build roads, a benefit to the general public. Finally, the assessment bestowed no special, individual benefit upon those assessed above and beyond that bestowed upon the general public, and was not made in response to a request to engage in regulated activity. Therefore, the RTID's special assessment of April 14, 2000 was a "tax" for the purposes of the TIA and the federal common-law principle of comity.

*2. Adequate State Remedy*

The TIA and the principle of comity only bar Plaintiffs' claims if there exists a state remedy that is, in the words of the TIA, "plain, adequate, and complete," or, as the cases developing the common-law principle of comity have required, "plain, speedy, and efficient." *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 & n.8 (1981). The Supreme Court and the Sixth Circuit have found no functional difference between those two phrases. *Id.* at n.8; *In re Gillis*, 836 F.2d 1001, 1010 n.7 (6th Cir. 1988). "[S]tate remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal

constitutional objections to [the] tax." *In re Gillis*, 836 F.2d at 1010. Moreover, "[a] number of courts have squarely faced the issue of whether a 'plain, speedy and efficient remedy' which has been allowed to lapse satisfies the Tax Injunction Act. These courts have unanimously concluded that failure to utilize a remedy does not render that remedy insufficient under § 1341." *Aluminum Co. of Am. v. Dep't of Treasury*, 522 F.2d 1120, 1125 (6th Cir. 1975).

"[C]omplaints regarding special assessments levied by a transportation improvement district 'may be made to the county board of revision in the same manner as complaints relating to valuation and assessment of real property.'" *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 762 N.E.2d 388, 393 (Ohio 6th Dist. Ct. App. 2001) (quoting Ohio Rev. Code § 5540.031(F)(4)). Such complaints must be made by March 31 of the "ensuing tax year." Ohio Rev. Code § 5715.19(A)(1). The BOR may determine ancillary constitutional claims such as "lack of notice, lack of an opportunity to be heard, and excessive assessments (the 'taking')," relating to a challenged assessment. *Avery*, 762 N.E.2d at 394; *see also Frye v. Wood County Bd. Of Revision*, No. WD-03-071, 2004 Ohio App. LEXIS 3103, at *10-11 (Ohio 6th Dist. Ct. App. June 30, 2004). A decision of the BOR is appealable to the Ohio Board of Tax Appeals or to the court of common pleas, and, from there, through all levels of Ohio's courts. Ohio Rev. Code §§ 5717.01, .05; Ohio Const. art. IV, §§ 2-3.

In *Avery* and *Frye*, the Ohio Sixth District Court of Appeals considered constitutional challenges to the RTID's April 14, 2000 assessment, the same assessment concerning which Plaintiffs' now complainf. *Avery*, 762 N.E.2d at 390; *Frye*, 2004 Ohio App. LEXIS 3103 at *2-3. The *Avery* plaintiffs filed an action in the Wood County Court of Common Pleas, claiming, *inter alia*, that the RTID violated their constitutional rights by: failing to provide notice of the proposed improvement, the

8

assessment, the hearing, and the right to contest the assessment; failing to hold a hearing; and charging assessments in an excessive amount, constituting a "taking." *Avery*, 762 N.E.2d at 390-91. The Ohio Court of Appeals held that Plaintiffs' could not bring their constitutional claims in the Common Pleas Court in the first instance, because they had failed to exhaust their administrative remedies. *Id*. at 394. Though it noted that administrative exhaustion is not usually required before bringing claims challenging the constitutionality of a statute, ordinance, or rule, the court nevertheless required exhaustion because it found that the constitutional claims in *Avery*, which related to the constitutionality of the defendants' *actions*, "were all issues that could be addressed by the administrative process," i.e., by the BOR. *Id*.

In *Frye*, the plaintiffs filed an untimely administrative claim with the BOR, which dismissed the complaint. *Frye*, 2004 Ohio App. LEXIS 3103 at *3. The plaintiffs appealed to the Wood County Court of Common Pleas. *Id*. At the same time, they initiated a new complaint in the Common Pleas Court, seeking an injunction or a declaration, and claiming, like the plaintiffs in *Avery*, that the RTID gave them insufficient notice and that the assessment was excessive and therefore a "taking." *Id*. Citing *Avery*, the Court of Appeals found that "the issues raised in appellants' civil complaint could have been, but were not, raised in an administrative proceeding," and affirmed the trial court's dismissal of the plaintiffs' complaint for failure to exhaust administrative remedies. *Id*. at *10.

Here, as in *Avery* and *Frye*, Plaintiffs allege that Defendants violated their constitutional rights by failing to provide notice and a hearing, and by levying an assessment so excessive that it amounts to a "taking." *Avery* and *Frye* establish that, had Plaintiffs timely filed their complaint, they could have asserted those claims in an administrative proceeding in front of the BOR. The BOR's decision would have been appealable to the Wood County Court of Common Pleas and, thereafter, through all levels of

9

Ohio's court system. The Court therefore finds that, despite their failure to timely take advantage of it, Plaintiffs had a "plain, adequate, and complete" remedy that would have provided them "with a full hearing and judicial determination" of their "federal constitutional objections to [the] tax."

Plaintiffs claim that their state remedy is not adequate because *Avery* and *Frye*, which "have held that one cannot being a constitutional claim without first bringing an administrative tax appeal claim," conflict with two Ohio Supreme Court cases that "stand for the proposition that the failure to pursue administrative remedies does not preclude a taxpayer from challenging an assessment on constitutional grounds." (Doc. No. 19, p. 2) (citing *Domito v. Village of Maumee*, 42 N.E.2d 984 (Ohio 1942) and *Wolfe v. City of Avon*, 463 N.E.2d 1251 (Ohio 1984)). Plaintiffs' argument fails for several reasons.

First, the court in *Frye* explained why its holding did not conflict with *Domito* and *Wolfe*. As construed by *Frye*, *Domito* and *Wolfe* held that "while the failure to file statutory objections to an assessment by a municipality for water and sewer improvements does not prevent a property owner from 'resisting collection on constitutional grounds, it does preclude him 'from escaping payment by asserting non-compliance with statutory requirements.'" *Frye*, 2004 Ohio App. LEXIS 3103 at *9-10 (quoting *Domito* and citing *Wolfe*). The *Frye* court found that where, as in the case before it, administrative review *was* available on the constitutional issues, subsequent constitutional claims should not be allowed under *Domito* and *Wolfe*. *Id*. at *10.

In any event, Plaintiffs' concern over whether or not they must exhaust administrative claims before bringing constitutional claims in state *court* is for naught. Even if the Sixth District's holdings in *Avery* and *Frye* do conflict with the prior holdings of the Ohio Supreme Court regarding administrative exhaustion, the fact remains that Plaintiffs could have brought their constitutional claims *in the*

10

*administrative proceeding itself*, and received review by the courts of Ohio. Plaintiffs' failure timely to do so does not make the state remedy inadequate. The Court therefore finds that the TIA and the federal common-law principle of comity bar this Court from asserting subject-matter jurisdiction over Plaintiffs' claims.

*C. Rule 12(h)(3) and the Non-Movant Defendants*

The Federal Rules of Civil Procedure provide that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The TIA and the principle of comity bar Plaintiffs' claims against those defendants who have not moved to dismiss, for the same reasons they bar Plaintiffs' claims against the RTID. The Court therefore must dismiss Plaintiffs' claims against all parties.

*D. Plaintiffs' Rule 41(a)(2) Motion*

While the issue of "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court," *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994), dismissal with prejudice is mandatory when it appears to the Court that subject-matter jurisdiction is lacking, Fed. R. Civ. P. 12(h)(3). In light of the Court's determination, above, that Plaintiffs' claims must be dismissed under Rule 12(h)(3) for lack of subject-matter jurisdiction, the Court denies Plaintiffs' Rule 41(a)(2) as moot.

## CONCLUSION

For the foregoing reasons, Defendant Rossford, Ohio Transportation Improvement District's Motion to Dismiss (Doc. No. 12) is granted. Plaintiffs' Motion to Dismiss (Doc. No. 17) is denied.

11

Pursuant to Federal Rule of Civil Procedure 12(h)(3), Plaintiffs' claims against all Defendants are dismissed.

    IT IS SO ORDERED.

                                                             S/ *David A. Katz*
                                                    DAVID A. KATZ
                                                  SENIOR U. S. DISTRICT JUDGE